BRETT L. TOLMAN, United States Attorney (No. 8821)
JOHN W. HUBER, Assistant United States Attorney (No. 7226)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

RECEIVED
AUG 22 2006
OFFICE OF
JUDGE TENA CAMPBELL

FILED
U.S. DISTRICT COURT

P 3 22

DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:05 CR 0676 TC |
| Plaintiff, | : | FINDINGS OF FACT, CONCLUSIONS OF LAW AND |
| v. | : | ORDER IN RE: COMPETENCY AND INVOLUNTARY MEDICATION |
| BENJAMIN ARCHULETA, | : | |
| Defendant. | : | JUDGE TENA CAMPBELL |
| | : | |

The above-entitled action came on for hearing on August 11, 2006. Defendant was present with counsel, Julie George, and the United States was represented. Having reviewed and fully considered (1) the forensic report (admitted as Exhibit "C") of Jasmine A. Tehrani, PhD; (2) the involuntary medication analysis report (admitted as Exhibit "B") of Jeffrey Watabe, M.D.; (3) the defendant's letter received by the Court on August 8, 2006 (admitted as Exhibit "A"); (4) the full record; (5) the parties' memoranda; (6) testimony and proffer; (7) oral argument; and for good cause showing, the Court enters the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1

1. On September 10, 1998, the defendant was charged with threatening the life of a United States District Court Judge in Utah. Upon appearing in court, the defendant was ordered to undergo a competency evaluation which was completed at the Springfield, Missouri facility. Eventually, after competency restoration measures, the court ordered that the defendant was competent to stand trial while on medications. In turn, the parties eventually entered into a stipulation which led to a finding of not guilty by reason of insanity on July 29, 1999. The court committed the defendant for hospitalization following that finding.

2. In that case on November 27, 2000, the defendant was released from hospitalization on prescribed conditions pursuant to 18 U.S.C. § 4246. After the defendant violated those conditions, the court imposed stricter conditions, and released the defendant to a half way house on June 11, 2002. Upon another violation of his conditions, the court revoked the defendant's release and remanded him to the custody of the Bureau of Prisons for continued hospitalization at Springfield. On June 7, 2004, the court ordered a conditional release once again. Eventually, on February 4, 2005, the court terminated supervision of the defendant and closed that case.

3. Within seven months, on September 6, 2005, the United States Marshal Service and ATF learned that the defendant attempted to purchase a firearm from a local pawn shop. The defendant had lied on a required background check form, but was detected before he acquired the firearm. The defendant is a restricted person pursuant to

18 U.S.C. § 922(g)(4), and cannot lawfully possess or attempt to purchase a firearm. Accordingly, on September 8, 2005, the United States initiated prosecution for a violation of 18 U.S.C. § 922(a)(6), providing false information in the acquisition of a firearm (the present matter). The United States alleges that the defendant had denied his prior mental health commitment when he tried to buy the gun.

4. Immediately upon appearance in court for the new firearms charge, the court ordered that the defendant undergo an evaluation regarding competency to stand trial and his mental state at the time of the offense. Although the evaluator, Dr. Tehrani, eventually determined that the defendant was not competent to stand trial, she could not determine his mental state at the time of the offense as the court had requested.

5. The Court (Magistrate Judge Wells) held a competency hearing on March 28, 2006, and determined that the defendant was not competent to stand trial, and ordered that the defendant be remanded to the BOP for restoration of competency measures; that there be an evaluation of his mental health status at the time of the offense; and that there be a dangerousness to the community assessment.

6. In supplemental proceedings that same day, the Court (District Court Judge Campbell) ordered a specific psychiatric evaluation as to the issue of involuntary medication during the ordered competency restoration hospitalization. The Court ordered that the evaluation be completed locally. Consequently, hospitalization has been delayed pending the Court's involuntary medication determination.

7. On June 14, 2006, the Court noted the completed involuntary medication evaluation and set the matter for hearing on August 11, 2006. Following that hearing, the Court made conclusions of law:

## **CONCLUSIONS OF LAW**

1. The Court finds by a preponderance of the evidence that the defendant is incompetent to stand trial consistent with the reasons and analysis set forth in Dr. Tehrani's March 10, 2006 Report. 18 U.S.C. § 4241(d). The defendant suffers from a mental disease or defect that renders him incompetent to the extent that he is unable to understand the nature and consequences of the court proceedings against him or to assist counsel properly in his defense.

2. Pursuant to the Tenth Circuit's instructions in *United States v. Morrison*, 415 F.3d 1180, 1185 (10th Cir. 2005), the Court initially considers whether involuntary medication may be justified pursuant to the circumstances outlined in *Washington v. Harper*, 494 U.S. 210 (1990). Based upon Dr. Watabe's report and testimony, as well as the government's representations, the Court concludes that there are no *Harper*-type grounds that would warrant involuntary medication. The defendant does not presently pose a substantial risk of harm to himself or others, nor is his health gravely at risk without medication.

3. By clear and convincing evidence, the Court finds that involuntary medication should be ordered during competency restoration hospitalization. *Sell v. United States*,

4

539 U.S. 166 (2003); *United States v. Bradley*, 417 F.3d 1107 (10th Cir. 2005). The Court's conclusions track the four *Sell* factors, as follows:

### A.     *Important Governmental Interests Are at Stake.*

There are important governmental interests at stake in bringing the defendant to trial in this matter. "The Government's interest in bringing to trial an individual accused of a serious crime is important" because "the Government seeks to protect through application of the criminal law the basic human need for security." *Sell*, 539 U.S. at 180-81. Proffered testimony and representations support the conclusion that bringing this case to trial is very important to the United States Attorney's Office, as well as the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The defendant had previously been committed for mental illness as a result of a prosecution for threatening a federal district court judge. After years of supervision in connection with that prosecution, the defendant's supervision eventually terminated. Within seven months of termination, the defendant was discovered by the United States Marshal Service and ATF attempting to unlawfully purchase a firearm by deceit.

The Court concludes that there is a ten year maximum term of imprisonment for the crime with which the defendant is charged, 18 U.S.C. § 924(a)(6), lying and trying to purchase a firearm. Moreover, the Court concludes that if the defendant were convicted of the present offense, a reasonable sentence would be in excess of predicted sentencing guidelines that may apply to the defendant. A longer term sentence would be reasonable

5

according to the dictates of 18 U.S.C. § 3553(a). Specifically, the Court concludes that the following circumstances would support such a sentence: (1) the defendant has been previously prosecuted for threatening a federal district court judge; (2) he has a past history of assaultive conduct; (3) he has very strong feelings that the government is conspiring against him; (4) the defendant's self-professed reason for trying to obtain the firearm — self-defense — is alarming in and of itself given his circumstances; and (5) the recent letter received by the Court (admitted at the hearing as Exhibit "A") contains provisions that appear threatening in nature and tone. In sum, the charged offense is objectively very serious, and detention pending competency proceedings is not in parity with an expected sentence in the criminal proceeding. Accordingly the government's important interest is not lessened.

In addition, the Court concludes that measures such as civil commitment are not available to the defendant, and consequently the government's interest is not lessened in that respect. According to Dr. Watabe, there is a not an "acute", or short term risk of danger associated with the defendant in his present detention circumstances that would support civil commitment. Nevertheless, Dr. Watabe did articulate a "sub-acute" or longer term risk of danger based upon the defendant's past history of violence, threats, drug and alcohol abuse, and the like. These factors actually bolster the government's interest in bringing the case to trial.

### B. *Involuntary Medication of the Defendant Will Likely Further the Government's Important Interests and Will Be*

6

***Unlikely to Have Side Effects that Will Interfere with the Defendant's Right to Assist Trial Counsel in his Defense, Thereby Making the Trial Unfair.***

The Court concludes that the defendant will be brought to a requisite level of competency to further the important governmental interests. According to persuasive testimony, the Court concludes that the defendant should return to competency within three to six months from the beginning of treatment. Moreover, such treatment is substantially unlikely to result in side effects that would interfere with trial. With new generations of antipsychotic medication, side effects have been substantially reduced. Moreover, the defendant has a significant personal history with the proposed medications, and has not experienced any of the side effects that concern high courts relative to this *Sell* factor. In sum, there is no evidence whatsoever that the defendant will suffer side effects that will interfere with the defendant's right to assist trial counsel in his defense, or make the trial unfair.

### C. *Involuntary Medication Is Necessary to Further the Government's Interest, Meaning No Other Less Intrusive Means Will Achieve Substantially the Same Results.*

The Court concludes that there are no other less intrusive means available to restore competency and further the important government interest in trying the case. According to the clear testimony of Dr. Watabe, there are no treatment options available other than the prescribed use of antipsychotic medication. Such medication is the gold standard of mental health care for patients in similar circumstances to the defendant.

7

### D. *Administration of Antipsychotic Drugs is Medically Appropriate, or in the Best Interest of the Defendant Given his Current Medical Condition.*

The Court concludes that without medication, the defendant's mental health condition will worsen. As stated above, antipsychotic medication is the primary treatment plan for the type of mental illness suffered by the defendant. Historically, he has responded well to antipsychotic medication, and the Court concludes that his mental illness needs to be addressed through medications. Any health side effects, such as aggravation of diabetes, are medically treatable and such treatments are commonplace and successful in this area of medical practice.

## ORDER

Having made its FINDINGS OF FACT and CONCLUSIONS OF LAW, the Court ORDERS that:

1. The government's motion for hospitalization to restore competency is granted, pursuant to 18 U.S.C. § 4241(d).

2. The Bureau of Prisons (BOP) shall utilize involuntary medication during hospitalization as medically prescribed, consistent with this Order.

3. BOP shall hospitalize and house the defendant at its facility in Springfield, Missouri. BOP shall immediately address with the Court any intended or foreseeable deviation from this provision of the order.

4. The defendant shall remain in Davis County Jail (Utah) in United States Marshall Service custody pending the outcome of any appeal that the defendant may lodge relating to this order.

Dated this 25 day of August, 2006.

BY THE COURT:

_Tena Campbell_
Tena Campbell
DISTRICT COURT JUDGE

APPROVED AS TO FORM:

_____
Julie George, Attorney for Defendant

9

## ORDER

Having made its FINDINGS OF FACT and CONCLUSIONS OF LAW, the Court ORDERS that:

1. The government's motion for hospitalization to restore competency is granted, pursuant to 18 U.S.C. § 4241(d).

2. The Bureau of Prisons (BOP) shall utilize involuntary medication during hospitalization as medically prescribed, consistent with this Order.

3. BOP shall hospitalize and house the defendant at its facility in Springfield, Missouri. BOP shall immediately address with the Court any intended or foreseeable deviation from this provision of the order.

4. The defendant shall remain in Davis County Jail (Utah) in United States Marshall Service custody pending the outcome of any appeal that the defendant may lodge relating to this order.

Dated this ___ day of _____, 2006.

BY THE COURT:

_____
Tena Campbell
DISTRICT COURT JUDGE

APPROVED AS TO FORM:

*[signature]*
Julie George, Attorney for Defendant

9